# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DANIEL J. LANG, | CASE NO. 08-CV-238-JLS (CAB) |
|---|---|
| Plaintiff, | **ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| ROBERT J. HERNANDEZ; MATTHEW MEUNIER, M.D.; CANLAS, M.D.; I. CHOO; E. ROMERO; WHITEHEAD, R.N.; ESCALANTE; J. KAHNG, M.D.; and DOES 1–3, | (Doc. Nos. 23 & 30) |
| Defendants. | |

Presently before the Court are Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation ("R&R") advising this Court to grant Defendants' motion to dismiss, (Doc. No. 30) Plaintiff's objections, (Doc. No. 34) and Defendants' reply. (Doc. No. 35.) For the following reasons, the Court **ADOPTS** the report and recommendation, **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action.

## BACKGROUND

Plaintiff, a state prisoner incarcerated at Richard J. Donnovan Correctional Facility in San Diego, California, brings this complaint alleging that Defendants violated his constitutional rights by providing him with inadequate medical care with respect to his arthritis. This includes delayed or denied treatment and denial of medications. He also claims that Defendants denied him certain

1 treatments for a knee injury and for shoulder pain.

2 Plaintiff filed the First Amended Complaint in this on September 10, 2008. (Doc. No. 10 ("FAC").) On December 12, 2008, Defendants filed a motion to dismiss. (Doc. No. 23.) On March 5, 2009, Plaintiff filed an opposition, (Doc. No. 26) and on March 18, 2009, Defendants filed a reply. (Doc. No. 17.) On April 29, 2008, Magistrate Judge Bencivengo issued a report and recommendation ("R&R"), advising this Court to grant Defendants' motion. (Doc. No. 30.) Plaintiff filed objections to the R&R on August 7, 2009, (Doc. No. 34) and Defendants replied on that same day. (Doc. No. 35.)

## LEGAL STANDARD

### I.  Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

### II.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's

1  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
2  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,
3  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice
4  if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949
5  (citing *Twombly*, 550 U.S. at 557).

6  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
7  as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S.
8  at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[]
9  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*
10 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must
11 be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely
12 consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting
13 *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained
14 in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial
15 experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do
16 not permit the court to infer more than the mere possibility of misconduct, the complaint has
17 alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

18 Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
19 determines that the allegation of other facts consistent with the challenged pleading could not possibly
20 cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting
21 *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other
22 words, the Court may deny leave to amend where amendment would be futile. *See id.*; *Schreiber*
23 *Distrib.*, 806 F.2d at 1401.

24 **III.    Eighth Amendment Deliberate Indifference to Medical Needs**

25 Under the Eighth Amendment, an inmate is guaranteed "constitutionally adequate medical and
26 mental health care." *Conn v. City of Reno*, 572 F.3d 1047, 1054 (citing *Doty v. County of Lassen*, 37
27 F.3d 540, 546 (9th Cir.1994)). To violate the Eighth Amendment, the prison official must act with
28 "deliberate indifference" to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05

(1976). "Deliberate indifference" in this context is a high standard, present only where "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To set forth an Eighth Amendment failure to provide medical treatment claim, a prisoner must make two showings:

> [f]irst, the plaintiff must show a 'serious medical need' by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

*Conn*, 572 F.3d at 1054 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). More specifically, under the second prong the inmate must show "'(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Id.* "Deliberate indifference thus requires an objective risk of harm and a subjective awareness of that harm." *Id.* (citing *Farmer*, 511 U.S. at 837).

## ANALYSIS

The R&R addresses Plaintiff's deliberate indifference claim by grouping the Defendants into four categories: (1) Doctors Choo, Canlas, and Romero, (2) Nurse Whitehead, (3) Correctional Officer Escalante, and (4) Warden Hernandez. Plaintiff's objections are, at best, a partial repetition of facts stated in his complaint, along with a claim that Defendants have not properly propounded certain discovery. The Court construes Plaintiff's objection to the R&R as specifically objecting to the conclusions regarding Doctors Choo, Canlas, and Romero, Nurse Whitehead, and Correctional Officer Escalante.

### I. Plaintiff's Discovery Complaints

Plaintiff first complains that the Defendants "have not honorably complied with the Federal Rules of Civil Procedure for Discovery." (Objections at 1.) He claims that Defendants have not automatically disclosed certain required information, that "he has not been provided with all the requested documents," and that Defendants "did not fully and honorably answer" his interrogatories. (*Id.* at 1–2.)

Whether or not Plaintiff's allegations are true, they are irrelevant for purposes of this motion. A motion to dismiss is not decided on the basis of evidence in the same way as a motion for summary

judgment; Plaintiff need not prove his allegations to avoid dismissal. Instead, the Court accepts the allegations in the Complaint to be true and determines whether, under that hypothetical, it is plausible that Plaintiff would recover. *Iqbal*, 129 S. Ct. at 1949. As such, this objection has no bearing on the motion at hand.

## II.     Objections Regarding The R&R's Conclusions About The Doctors

Magistrate Judge Bencivengo's R&R concludes that Defendants' motion to dismiss should be granted as to Defendants Choo, Canlas and Romero. She found that Plaintiff's allegations boil down to not receiving "the care he wanted, at the time that he wanted." (R&R at 4.) In coming to this conclusion, she notes that Plaintiff often does not specify which doctor denied him which care and that he often received treatment for the conditions of which he complained. (*Id.* at 4–5.) It further finds that many of Plaintiff's allegations are "general," especially with regard to knowledge. (*Id.* at 5.) In sum, the R&R finds that Plaintiff has not sufficiently alleged any instance where any of these three Defendants acted with the requisite "deliberate indifference." (*Id.* at 6.)

As stated above, Plaintiff's objections are largely a factual recitation. He claims that "[a]t no time has [he] had a diffence (sic) of opinion with the doctors and defendants, rather [his] needed medical care to alleviate or lessen severe disabling pain . . . has repeatedly gone ignored." (Objections at 4.) By way of example, Plaintiff points to an incident on November 1, 2007, where he claims that Doctor Canlas refused to give him a shot of cortisone and deferred treatment to another appointment. (FAC ¶ 61.) He also argues that he "has specifically related a number of incidences that [he] received cursory care—no physical examination was done . . . merely questions were asked." (Objections at 5.) Next he points to allegations that when he complained of pain, he was merely given medications "known to [the doctors] not to be effective." (*Id.* at 6.) Finally, he argues that he was told that he could only have one problem treated per visit. (FAC ¶ 99.)

Even in light of these objections, Plaintiff has still not stated a cause of action under the Eighth Amendment for deliberate indifference. Reviewing the papers, the Court must agree with Magistrate Judge Bencivengo: "Plaintiff's main issue is that he was not provided with the care he wanted at the time he wanted." (R&R at 4.) Plaintiff has simply not shown that Defendants Choo, Canlas, or Romero acted with "deliberate indifference."

1    Plaintiff's complaint about the cortisone shot is illustrative of the problem. Although Plaintiff alleges that Doctor "CanLas/Martinez (sic)" did not give him a cortisone shot authorized "four times yearly" by Dr. Kahng, the facts do not state an Eighth Amendment claim. Nothing in the complaint makes it plausible that a cortisone shot was a necessary or even appropriate form of treatment at that time. In other words, these facts do not allege that he had a serious medical need which required *this* treatment. Similarly, Plaintiff admits that he was scheduled for another appointment. Although delayed treatment may serve as the basis for an Eighth Amendment claim, mere delay in medical care, without more, is not sufficient to rise to the level of deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

The physical examination arguments are similarly flawed. Although Plaintiff may believe that a physical examination was required under the circumstances, asking questions instead is not per se deliberate indifference. In fact, taking that action was a response to Plaintiff's possible medical need and, as such, not violative of the Eighth Amendment. *Conn*, 572 F.3d at 1054.

As to the provision of medications, it is clear that Plaintiff was provided treatment. Although Plaintiff was displeased with the medicine provided, that in and of itself is not "deliberate indifference." The relevant Defendants were providing him care to treat his medical needs. Nor does the "one problem per visit" allegation rise to the level of an Eighth Amendment violation. Plaintiff has not alleged any "serious" medical need which went untreated at that visit; at best he states that the doctors did not immediately provide *all* of the tests he wanted.[1]

The Court finds that the R&R applies the proper legal standard and that its conclusion is proper given the allegations here. Therefore, the Court **ADOPTS** the R&R on this issue and **GRANTS** Defendants' motion to dismiss as to Defendants Choo, Canlas and Romero.

**III.    Objections Regarding The R&R's Conclusions About Nurse Whitehead**

With regard to Defendant Whitehead, the R&R recommended that Defendant's motion be granted. (R&R at 6–7.) Magistrate Judge Bencivengo found that Plaintiff's allegations against Nurse Whitehead consisted only of "deferred treatment," and, as previously stated, that "does not amount

---

[1] Plaintiff requested (1) an MRI on his shoulders, (2) an MRI on his knee, (3) an MRI on his toe, and (4) expedited surgical procedures on his shoulders. (FAC ¶ 99.)

1  to the kind of deliberate indifference and culpable state of mind required for a violation of the Eighth
2  Amendment." (*Id.*)  Plaintiff' objections state that "Nurse Whitehead did not follow [the RJDCF
3  Medical Clinic] procedures when plaintiff requested Urgent care, on or about 11–9–07." (Objections
4  at 4.)

5  Plaintiff's objection, however, does not address the issues raised by the R&R.  To begin with,
6  he has not explained which procedures Nurse Whitehead did not follow nor alleged facts
7  demonstrating a lack of compliance.  Further, Plaintiff has not pled facts that would indicate deliberate
8  indifference by Defendant Whitehead.  At best he claims that she deferred treatment of his complaints
9  until a future appointment, but, as stated above, that alone does not state an Eighth Amendment
10 violation.  Thus, the Court **ADOPTS** Magistrate Judge Bencivengo's Report and Recommendation
11 with respect to Defendant Whitehead and **GRANTS** the motion to dismiss on this issue.

12 **IV.     Objections Regarding The R&R's Conclusions About Officer Escalante**

13 As to Defendant Escalante, the R&R concluded that Plaintiff's "general allegations do not
14 provide the specific facts to establish that Defendant Escalante had a 'sufficiently culpable state of
15 mind' to state a claim of deliberate indifference." (R&R at 7.)  Plaintiff's objections recount an
16 incident where Defendant Escalante allegedly "denied plaintiff access to needed urgent medical care
17 to allieviate (sic) or lessen severe disabling pain." (Objections at 4.)

18 One representative paragraph of factual allegations against Defendant Escalante states that he
19 (1) told Plaintiff to "come back on Monday," (2) "deferred access to the doctor and failed to record
20 Urgent (sic) care request," and (3) "failed to immediately inform a nurse and/or doctor" of Dr.
21 Livesay's request for urgent care for Plaintiff.  However, there is no indication that Defendant
22 Escalante acted with the requisite state of mind.  As to points one and two, Plaintiff has not shown a
23 serious medical need.  As to all three points, his allegations are so general that they do not show an
24 "objective risk of harm and [the] subjective awareness of that harm" with respect to Defendant
25 Escalante's conduct.  *Conn*, 572 F.3d at 1054 (citing *Farmer*, 511 U.S. at 837).  Thus, the Court
26 **GRANTS** Defendants' motion as to Defendant Escalante.

27 //
28 //

## V. R&R's Conclusions Regarding Defendants Hernandez, Kahng and Meunier

Plaintiff's objections do not refer to the R&R's conclusions regarding Defendants Hernandez, Kahng, and Meunier. Therefore, the Court concludes that Plaintiff does not object to these portions of the R&R. Having satisfied itself that there is no clear error, the Court **ADOPTS IN FULL** section A(4) of the R&R along with its conclusions about the unserved Defendants. Defendants' motion to dismiss is **GRANTED** as to Defendant Hernandez, Defendant Kahng and Defendant Meunier.

## CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in full. Defendants' motion to dismiss is hereby **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Court further **GRANTS** Plaintiff leave to file a First Amended Complaint which addresses the deficiencies noted in this order and the R&R. Any amended complaint is **DUE** within forty-five days of the date this order is electronically docketed. If no amended complaint is received by that time, the Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 22, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge