1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DANIEL J. LANG, | Civil         08cv0238-JLS (CAB) No. |
| 12                              Plaintiff, | |
| 13          v. | **REPORT AND RECOMMENDATION GRANTING  DEFENDANTS' MOTION** |
| 14  CANLAS, DOCTOR; ESCALANTE, CORRECTIONAL OFFICER (C/O); | **TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 15  ALLAMBY, LIEUTENENT; WHITEHEAD, R.N.; M.RUIZ, DOCTOR; SINAGA, | **[Doc. No. 49]** |
| 16  REGISTERED NURSE, | |
| 17                              Defendants. | |

18

19      On February 6, 2008, plaintiff Daniel J. Lang, a California prisoner proceeding *pro se* and

20 *in forma pauperis*, filed a civil rights suit against several defendants under 42 U.S.C. § 1983.

21 [Doc. No. 1.] On May 12, 2008, the Court sua sponte dismissed the complaint for failure to stae

22 and claim and granted plaintiff time to file an amended complaint. [Doc. Nos. 3, 7.]  On

23 September 10, 2008, plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 10.]  On

24 September 9, 2009, the court granted defendants' motion to dismiss plaintiff's FAC with leave to

25 amend. [Doc. Nos. 30 and 36.]  On January 7, 2010, plaintiff filed a Second Amended

26 Complaint ("SAC"). [Doc. No. 43.] The defendants named in the SAC have now filed a motion

27 to dismiss the SAC. [Doc. No. 49.] On March 29, 2010, plaintiff filed an opposition to the

28 defendants' motion to dismiss the SAC. [Doc. No. 53.]  On April 5, 2010, defendants filed a

08cv0238

1   reply to plaintiff's opposition. [Doc. No. 54.]

2        The Court finds the issues appropriate for decision on the papers and without oral

3   argument pursuant to Civil Local Rule 7.1(d)(1).  After a thorough review of the motion,

4   Plaintiff's SAC, and the applicable case law, the Court **RECOMMENDS** that the Motion to

5   Dismiss the Second Amended Complaint be **GRANTED** as set forth below.

6                           II.  THE FIRST AMENDED COMPLAINT

7        In the FAC, plaintiff named the following individuals as defendants: Robert J. Hernandez,

8   Warden; Matthew Meunier, M.D., U.C.S.D.; Canlas, M.D.; I. Choo, Chief Physician Surgeon; E.

9   Romero, Chief Medical Officer; Whitehead, R.N.; Escalante, Correctional Officer.  Plaintiff

10  alleged that he is a state prisoner incarcerated at Richard J. Donovan Correctional Facility in San

11  Diego, California ("Donovan"). [Doc. No. 10 at 1.]  In brief, plaintiff's 46-page FAC alleged

12  that during the course of two to three years (from 2005 to 2008), defendants violated his

13  constitutional rights by delaying or denying his requests for medical attention.  Plaintiff alleged

14  that he needed medication for his "severe arthritis pain" and the medications were not provided

15  to him. [Doc. No. 10 at 3.]   In addition, plaintiff alleged that he needed various treatments for

16  his knee injury and shoulder pain, and defendants also denied him these treatments. [Doc. No. 10

17  at 5.]   Plaintiff claimed that these alleged acts constituted cruel and unusual punishment in

18  violation of the 8th and 14th Amendments of the United States Constitution.  [Doc. No. 10 at 2-

19  5.]

20       On April 29, 2009, this Court recommended that the motion to dismiss the FAC as to

21  defendants Hernandez, Canlas, Choo, Romero, Whitehead and Escalante be granted with leave

22  to amend because plaintiff failed to state a claim for deliberate indifference under the Eight

23  Amendment. [Doc. No. 30 at 8 - 9.] This Court also recommended that defendants Muenier and

24  Kahng be dismissed because they were never properly served. [Doc. No. 30 at 9.] On September

25  22, 2009, District Judge Sammartino adopted the report and recommendation and granted the

26  defendants' motion to dismiss the FAC with leave to amend, and dismissed the non-served

27  defendants. [Doc. No. 36.]

28

### III.  THE SECOND AMENDED COMPLAINT

In the SAC, plaintiff has dropped five defendants from his FAC: Hernandez, Meunier, Choo, Romero and Kahng.  Thus, the three defendants remaining from the FAC are Canlas, Whitehead and Escalante.   Plaintiff has also added three new defendants in the SAC: Allamby, M. Ruiz, M.D. and Sinaga, R.N.  Plaintiff also adds a new claim for relief against each of these new defendants.

The SAC is very difficult to follow.  Plaintiff lists four counts/causes of action on the Form Complaint, but only three in his Ancillary Complaint.  It appears that plaintiff intends the first two counts on the Form Complaint to constitute only one count, and to correlate with the first count in the Ancillary Complaint. [See Doc. No. 43 at 4, 5 and 10 - 22.] Therefore, the First and Second Counts in the Form Complaint will be referred to jointly as the First Count.

In the First Count, which is directed at defendants Canlas, Whitehead and Escalante, plaintiff alleges that, from October 2005 to November 2009,  he was delayed or denied treatment for knee, back, foot and shoulder pain. [Doc. No. 43 at 4, 5, and 10-22.]   Plaintiff claims that the denial or delay of treatment has resulted in deliberate indifference to his medical needs in violation of the Eighth Amendment, and/or medical negligence. [Doc. No. 43 at 4 - 5.]

In the Third Count of the Form Complaint[1] (hereinafter the "excessive force/First Amendment claim"), which is directed at defendants Allamby and Escalante, plaintiff claims that he suffered a physical injury after an incident that occurred on July 14, 2008. [Doc. No. 43 at 6.] Specifically, plaintiff alleges that he "was proceeding to the RJDCT Law Library" when an alarm sounded and he sat down as required. [Doc. No. 43 at 6, ¶ 1.] After the incident plaintiff "was complaining to his friend Nicky Israel, and Mark, and others when Plaintiff was attacked from behind." [Doc. No. 43 at 6, ¶ 2.] Plaintiff further alleges that his "arms were twisted violently behind him and although Plaintiff told guard Escalante that he was hurting plaintiff due to his shoulder disability that plaintiff had a chrono in his pocket stating that he was only to be waist cuffed"  [Doc. No. 43 at 6, ¶ 3], Escalante allegedly proceeded to cuff him and then hold him in a cell for a whole day. [Doc. No. 10 at 6, ¶ 3, 4.] All of this, according to plaintiff,

---

[1]This corresponds with the Second Count of the Ancillary Complaint.

amounted to assault and battery, excessive force in violation of the Eighth Amendment and suppression of free speech in violation of the First Amendment as well as violations of various California Penal Code statutes.  [Doc. No. 43 at 6.]

In the Fourth Count[2] (hereinafter the "retaliation claim"), which is directed at defendants Sinaga and Ruiz, plaintiff claims that he was retaliated against "for the lawful filing of his suit against other doctors and nurses." [Doc. No. 43 at 7, ¶ 1.] Plaintiff claims that "Nurse Sinaga and Doctor M. Ruiz [retaliated against plaintiff] by the filing of [a] false report that plaintiff 'CUPPED' his morphine 30mg medication when in fact he has never done such an action." [Id.] Plaintiff further alleges that "[o]n or about December 21, 2009 Nurse Sinaga and Doctor M. Ruiz conspired to Discontinue (DC) (i.e. using medication as punishment) plaintiff's pain medication, morpahine [sic] 30mg 2xdaily, and intentionally leaving plaintiff in severe back, shoulder, knee, and foot pain."  [Doc. No. 43 at 7, ¶ 2.] Plaintiff claims that all of this has led to his civil rights being violated as follows: "Falsifying of State Documents to deny Medical Care, and Due Process of Law and Equal Protection of Law, Corporal Punishment and Cruel and Unusual punishment freedom From Negligence; Deliberate Indifference; Retaliation for Filing Suite [sic]; DC Medication as Punishment for Actions not done by plaintiff (Violation of PC §2650-2653)." [Doc. No. 43 at 7.]

## IV.  DISCUSSION

### A.  FED.R.CIV.P. 12(b)(6) Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), and at any exhibits which are attached.  *See* FED.R.CIV.P. 10(c) ("A copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

---

[2]This corresponds with the Third Count of the Ancillary Complaint.

1    A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough

2    facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S.

3    544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

4    allows the court to draw the reasonable inference that the defendant is liable for misconduct

5    alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550

6    U.S. at 556, 570.)

7    While allegations of material fact are accepted as true and construed in the light most

8    favorable to the nonmoving party, *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th

9    Cir. 1996), the court need not accept as true generic legal conclusions, unwarranted deductions

10   of fact or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

11   (9th Cir. 2001); *Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of

12   action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555

13   (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a

14   factual allegation.").  The pleading standard Rule 8 announces does not require 'detailed factual

15   allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me

16   accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555.).

17   Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be

18   supported by factual allegations.  When there are well-pleaded factual allegations, a court should

19   assume their veracity and then decide whether they plausibly give rise to an entitlement to

20   relief." *Iqbal*, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a 'probability

21   requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."

22   *Id*. at 1949.  Where a complaint pleads facts that are "merely consistent with" a defendant's

23   liability, however, it "stops short of the line between possibility and plausibility of 'entitlement

24   to relief.'" *Id.; Twombly,* 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across

25   the line from conceivable to plausible, [his] complaint must be dismissed.").

26   "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual

27   content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a

28   claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969

08cv0238

1  (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

2       In addition, where there is an amended complaint (here the SAC), "an amended pleading

3  supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546

4  (9th Cir. 1990); *see also Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001); *Ferdik v.*

5  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  "All causes of action alleged in an original

6  complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d

7  565, 567 (9th Cir. 1987) (citation omitted).

8       *C.  Plaintiff's Eighth Amendment Deliberate Indifference Claim (Count One)*

9       According to the SAC, plaintiff filed a health services request on October 18, 2005, to

10  Doctor Canlas because he was in "severe debilitating pain, in both [his]left and right shoulders.

11  [Doc. No. 43 at 4, ¶ 1.] Plaintiff also claims to suffer from knee, back and foot pain. [Doc. No.

12  43 at 12, 13.]  Plaintiff then chronicles numerous visits that he made to Doctor Canlas and/or

13  Nurse Whitehead from 2005 to 2009 where plaintiff allegedly requested treatment and treatment

14  was either denied or delayed. [Doc. No. 43 at 12 - 22.]

15       Defendants argue that plaintiff's claim for deliberate indifference fails to state a claim

16  upon which relief can be granted. [Doc. No. 49-1 at 11-13.] Defendants also argue that the claim

17  fails because plaintiff has failed to exhaust his administrative remedies. [Doc. No. 49-1 at 15.]

18            a.  Exhaustion of Administrative Remedies

19       Plaintiff alleges that he filed an administrative ("CDC 602") appeal on 6/22/05 and that

20  the appeal was granted on 7/17/05.  [Doc. No. 43 at 4.] Plaintiff also alleges that he filed

21  "several grievances (i.e. Medical CDCR 602 Appeals) that specifically requested needed medical

22  care for severe pain and plaintiff's medical problems. . . "  [Doc. No. 43 at 20, 21.]

23       Defendants argue that plaintiff's claim for deliberate indifference must fail because "he

24  did not attach any supporting documentation to the SAC and has therefore failed to show that he

25  exhausted the requisite administrative remedies." [Doc. No. 49-1 at 15.]

26       42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison

27  conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

28  prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Section 1997e(a) "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 532; *see also Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001) (requiring exhaustion regardless of whether the specific remedy sought by the prisoner is "available" within the administrative grievance procedure).

However, nonexhaustion under § 1997e(a) is an affirmative defense--defendants have the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. __, 127 S. Ct. 910, 919 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (same); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) ("[T]here can be no 'absence of exhaustion' unless *some* relief remains 'available,'" therefore, "a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process, or through awaiting the results of the relief already granted as a result of that process.").

Here, in the SAC, plaintiff does make some allegations that he filed "CDC 602" appeals with regard to the alleged failure to provide him with necessary medical treatment. [*See* Doc. No. 43 at 4, 20, 21.] Thus, the burden is on <u>defendants</u> to prove that plaintiff did not exhaust his administrative remedies with regard to this claim.  Merely stating that plaintiff failed to attach documents to the SAC does not meet the defendants' burden to affirmatively prove that plaintiff failed to exhaust administrative remedies.

Moreover, the plaintiff did attach documents to the FAC showing that he filed a 602 Appeal in 2005 with regard to the medical treatment claim and appealed that decision all the way to the Director's Level of Appeal, which is the last level of  administrative appeal.   [Doc. No. 10-4 at 34-41.]  When resolving a motion to dismiss for failure to state a claim, a district court may not consider materials outside the complaint and the pleadings.  *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).  The court may, however, consider materials properly submitted as part of the complaint, *see Gumataotao*, 236 F.3d at 1083; *Cooper*, 137 F.3d at 622-23, as well as "document[s] the authenticity of which [are] not contested, and upon which the plaintiff's

1    complaint necessarily rel[y]," even if they are not attached to the complaint, *Parrino v. FHP,*

2    *Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in*

3    *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006); *see also Dent v. Cox*

4    *Commc'ns Las Vegas, Inc.,* 502 F.3d 1141, 1143 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250

5    F.3d 668, 688 (9th Cir. 2001).  Here, the documents regarding plaintiff's administrative appeals

6    with regard to the deliberate indifference to medical needs claim were attached to the FAC.

7    [Doc. No. 10 at 34-41.]  In the motion to dismiss the FAC, defendants did not dispute the

8    authenticity of those documents, nor did they argue that plaintiff had failed to exhaust

9    administrative remedies as to the Eighth Amendment deliberate indifference claim. [See Doc.

10   No. 23.]  Thus, the court may consider the documents attached to the FAC.  When those

11   documents are viewed together with the allegations of the SAC, it appears that plaintiff did

12   exhaust his administrative remedies as to his Eight Amendment deliberate indifference to

13   medical needs claim; or certainly defendants have not proven (as is their burden) that plaintiff

14   did not exhaust administrative remedies.

15                     b.  Failure to State an Eight Amendment Claim

16            Defendants argue that plaintiff fails to establish a claim for deliberate indifference. [Doc.

17   No. 49-1 at 11-12.] According to defendants, plaintiff in the SAC, "like in the FAC, . . . merely

18   expresses displeasure with the treatment he received from Defendants." [Doc. No. 49-1 at 11.]

19            "The unnecessary and wanton infliction of pain upon incarcerated individuals under color

20   of law constitutes a violation of the Eighth Amendment."  *Toguchi v. Chung*, 391 F.3d 1051,

21   1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  A

22   violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a

23   prisoner's serious medical needs.  *Id.i; see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

24            To constitute "cruel and unusual" punishment, the prisoner must allege facts which

25   demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently

26   serious" harm and that prison officials had a "sufficiently culpable state of mind" in denying him

27   proper medical care.  *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal quotations

28   omitted.)  Thus, there is both an objective and a subjective component to an actionable Eighth

Amendment violation.  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Toguchi*, 391 F.3d at 1057 ("To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective and subjective components of a two-part test.'")(quoting *Hallett v. Morgan*, 296 f.3d 732, 744 (9th Cir. 2002)).

Although the "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 1999), this pleading component is generally satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Clement*, 298 F.3d at 904 (quotations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1131-31 (9th Cir. 2000); *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994)(serious medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

The subjective component requires the prisoner to also allege facts which show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Toguchi*, 391 F.3d at 1057 9citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839.

Here, the SAC does not satisfy either prong of the Eighth Amendment inquiry, as the allegations are either too vague and conclusory, or simply do not amount to deliberate

08cv0238

1    indifference.  Plaintiff's FAC contained over 100 pages of allegations and exhibits, detailing

2    requests he made for medical attention and the visits he made to the doctors who were on duty.

3    The FAC contained numerous allegations that the defendants had either denied him requested

4    treatment, or gave him treatment with which he disagreed. [See e.g. Doc. No. 10 at 21.] On the

5    other hand, plaintiff's SAC is only 27 pages long and has no exhibits attached.  It appears that

6    plaintiff has omitted some of the more detailed allegations in the FAC regarding the treatment he

7    did receive and with which he disagreed.  Instead, in the SAC, plaintiff merely chronicles the

8    numerous times he was seen by Doctor Canlas and Nurse Whitehead, but he does not provide

9    any description of the visits.  As a result, plaintiff is left with allegations that are vague and

10   conclusory.  Vague and conclusory allegations of official participation in civil rights violations

11   are not sufficient.  *Ivey v. Bd. of Regents of the Univ. Of Ala.*, 673 F.2d 266, 268 (9th Cir. 1982).

12   The few allegations that are more detailed in the SAC continue to show plaintiff's disagreement

13   with the treatment provided, but do not show deliberate indifference.  Differences in judgment

14   between an inmate and prison medical personnel regarding appropriate medical diagnosis and

15   treatment are not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d

16   240, 242 (9th Cir. 1989).

17                 *1.    Defendant Canlas*

18          The SAC contains numerous allegations that Doctor Canlas  "denied or delayed"

19   treatment for approximately two years. [Doc. No. 43 at 5.] Plaintiff acknowledges having been

20   seen by Dr. Canlas on approximately 20 occasions between 2005 to 2008, but claims that Dr.

21   Canlas denied or delayed the requested treatment. [Doc. No. 43 at 12-27.] While some of the

22   allegations in the SAC state that plaintiff was completely denied treatment [*See e.g.* Doc. No. 43

23   at 4, ¶ 1], other allegations state that plaintiff was either denied or delayed treatment. [*See e.g.*

24   Doc. No. 43 at 5, ¶¶ 1 and 3.] As set forth above, those allegations are too vague.  *Ivey*, 673 F.2d

25   at 268.

26          To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

27   injury as a result of specific conduct of a defendant to show an affirmative link between the

28   injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976); *May v.*

1    *Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

2    1978).  Vague and conclusory allegations of official participation in civil rights violations are

3    not sufficient.  *Ivey*, 673 F.2d at 268.

4           Here, there is allegation after allegation that plaintiff went to see Dr. Canlas and

5    requested "medical care [] but none was given." [*See e.g.* Doc. No. 43 at 14, ll. 10-11.] Other

6    allegations claim that plaintiff requested to see Dr. Canlas but was not allowed to see him.  For

7    example, plaintiff alleges:

8               On 5-18-06, plaintiff again requested pain medications and reasonable
                treatment for his disabilities and injuries but the Doctor Canlas did not even see me
9               and delayed treatment and diagnosis again.
     [Doc. No. 43 at 14, ll. 2-4.][3]

10          This allegation does not state what particular disability or injury plaintiff was seeking

11   treatment for, nor what pain medication was requested, nor whether Doctor Canlas was even

12   aware of the requested treatment.  *See Johnson v. Lewis*, 217 F.3d at 731 (prisoner must allege

13   facts to show that his medical need is sufficiently "serious" such that the "failure to treat [his]

14   condition could result in further significant injury or the unnecessary and wanton infliction of

15   pain.")  While plaintiff does allege at other points that he suffers from knee, shoulder and back

16   pain, he does not tie specific visits to specific ailments or specific requests for treatment.  Thus,

17   the allegations are too vague and conclusory.  *Ivey*, 673 F.2d at 268.

18          Moreover, other allegations show that plaintiff was being seen by Doctor Canlas and

19   other physicians at the prison, and that he was being prescribed various pain medications through

20   the end of 2009.  For example, plaintiff alleges:

21              On 11-28-08 Plaintiff contacted Doctor Choo due to the fact that Dr. Canlas
                had not done any followup, and because plaintiff was experiencing bad
22              psychological side-effects from the medication given and because that medication
                did not work and he requested other medication for pain.
23   [Doc. No. 43 at 18.]

24          Here, plaintiff acknowledges that, as of 11-28-08, he was receiving medication for pain.

25

26          [3]Interestingly, in the FAC, plaintiff alleges that "[o]n or about 5-18-06, plaintiff reported to the
     Doctor's-Line and requested reasonable accommodation and pain treatment, but the doctor on duty,
27   doctors Kahng/Canlas denied plaintiff any requested pain medications and merely gave plaintiff
     medication that plaintiff told the doctor did not work to relieve his pain . . ." [Doc. No. 10 at 23, ll. 6-
28   10.] Thus, in the FAC, plaintiff claimed that he was given medication, but not the medication he
     preferred.  Now, in the SAC, plaintiff claims he was never seen at all on that date.

1    Moreover, in Count Four for retaliation, plaintiff admits that, as of 12/21/09, he was  receiving

2    30 mg of morphine twice daily. [Doc. No. 43 at 7.] Thus, these admissions, coupled with vague

3    allegations about the denial of treatment, fail to show deliberate indifference and are simply

4    "unadorned, the defendant-unlawfully-harmed-me" accusations.  *Iqbal*, 129 S.Ct. At 1949

5    (quoting *Twombly*, 550 U.S. at 555).

6         There are other allegations where plaintiff acknowledges that he was seen by Dr. Canlas,

7    but plaintiff did not like the way Doctor Canlas undertook the examination:

8              On '1-15-07, plaintiff informed doctor Canlas again about his injuries and
         pain, but doctor Canlas merely asked a few questions as he usually does, and
9         without a physical examination sent plaintiff away without treatment and diagnosis
         of plaintiff's injuries and disabilities stated above. . . .
10             On 1-25-07, plaintiff again requested urgent needed medical care of Doctor
         Canlas, but not [sic] was given.  Again Doctor Canlas only asked a few questions
11        as usual and sent plaintiff on his way to suffer in pain and on an increasingly daily
         basis function less and less."
12   [Doc. No. 43 at 15.]

13        These allegations do not amount to deliberate indifference, as they merely chronical

14   plaintiff's disagreement with the treatment provided.  "A difference of opinion does not amount

15   to deliberate indifference to [a plaintiff's] serious medical needs."  *Sanchez*, 891 F.2d at 242.

16   Moreover, the allegations do not specify what "urgent needed medical care" plaintiff was

17   requesting and for which disability treatment was being sought.  Thus they are also too vague.

18   *Ivey*, 673 F.2d at 268.

19        Finally, plaintiff has failed to prove the subjective prong of the deliberate indifference

20   test.   "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate

21   that prison officials acted with a culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 302

22   (1991).  The indifference to medical needs also must be substantial; inadequate treatment due to

23   malpractice, or even gross negligence, does not amount to a constitutional violation.  *Estelle*, 429

24   U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is

25   a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v.*

26   *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).

27        Here, plaintiff alleges that Dr. Canlas made some statements with which plaintiff

28   disagreed.  For example, plaintiff alleges:

08cv0238

1

> On 2-21-06, Plaintiff went to the Facility One Clinic to see the Doctor
> Canlas because he was experiencing severe pain and inflammation in his back due

2

> to lumps, yet the Doctor has refused to treat and diagnose plaintiff by stating: "I
> think you could be imagining it all."

3  [Doc. No. 43 at 12.]

4   Assuming Doctor Canlas made this statement, it does not amount to deliberate

5  indifference. Rather, this allegation shows that plaintiff was seen by Dr. Canlas on that date, but

6  that Dr. Canlas did not treat plaintiff to plaintiff's satisfaction. "A difference of opinion does

7  not amount to deliberate indifference to [a plaintiff's serious medical needs." *Sanchez*, 891 F.2d

8  at 242. Moreover, even if Dr. Canlas was negligent in not examining plaintiff further on that

9  occasion, medically inadequate treatment due to malpractice, or even gross negligence, does not

10  amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi*, 391 F.3d at 1060.

11   Plaintiff also alleges:

12

> On 12-15-06 plaintiff requested needed medical care for pain and the stated
> disabilities and injuries, yet none was given. Plaintiff asked Doctor Canlas why no

13

> medications were given, and he said that too many drug addicts in prison seek
> drugs.

14  [Doc. No. 43 at 12.]

> When plaintiff saw Doctor Canlas he informed Doctor Canlas that he was

15

> going through serious psychological changes, such as increased depression,
> vegitative [sic] depression, bi-polar disorder, and not sleeping due to pain causing

16

> plaintiff not to be able to work on a daily basis. Doctor Canlas said that "If you
> wanted good healthcare, you should not have ever come to prison."

17  [Doc. No. 43 at 13.]

18   Again, assuming Dr. Canlas made such statements, they do not amount to deliberate

19  indifference. First, the allegations show that plaintiff was being seen by Dr. Canlas on those

20  dates. Second, they appear to show disagreements between plaintiff and Dr. Canlas over what

21  treatment plaintiff should be given and, therefore, do not rise to the level of deliberate

22  indifference. *Sanchez*, 891 F.2d at 242. Finally, even if Dr. Canlas was discourteous in

23  expressing personal opinions, that does not mean he was being deliberately indifferent to

24  plaintiff's medical needs. "Discourtesy" does not rise to the level of an Eighth Amendment

25  violation. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal

26  harassment and abuse fail to state a claim cognizable under § 1983); *Rutledge v. Ariz. Bd. Of*

27  *Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719

28  (1983); *see e.g., Keenan v. Hall*, 83 f.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318

1   (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate

2   Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 f.2d 136, 139 (9th Cir. 1987) (directing

3   vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 f.2d

4   97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

5   Thus, plaintiff has failed to sufficiently plead the subjective prong of the deliberate indifference

6   test. *Wilson v. Seiter*, 501 U.S. at 302.

7       Accordingly, given that this is plaintiff's third attempt to state an Eighth Amendment

8   deliberate indifference claim against defendant Canlas, the Court RECOMMENDS that the

9   Eighth Amendment claim against defendant Canlas be DISMISSED WITH PREJUDICE.

10          2.      *Defendant Whitehead*.

11      The are numerous allegations against defendant Whitehead where plaintiff merely alleges

12  that he was "denied or delayed treatment" by defendants Canlas and Whitehead. [*See e.g.* Doc.

13  No. 43 at 5, ¶ ¶ 1 and 5.]  For the reasons set forth above, these allegations are vague and

14  conclusory.

15      There are some allegations specific to Nurse Whitehead where plaintiff claims that she

16  denied him access to Dr. Canlas or deferred him access. [*See e.g.* Doc. No. 43 at 14, ll. 26-28;

17  15, ll. 19-23;  16, ll. 15-16;  17, ll. 21-26.] Again, these allegations are vague and conclusory.

18  *Ivey*, 673 F.2d at 268.  Moreover, a mere delay in medical care, without more, is insufficient to

19  state a claim against prison officials for deliberate indifference.  *Shapley*, 766 F.2d at 407.

20  Finally, plaintiff alleges that Nurse Whitehead denied him access because she "failed to follow

21  procedure." [Doc. No. 43 at 17.] This does not show a culpable state of mind on the part of

22  Nurse Whitehead.  Wilson v. Seiter, 501 U.S. at 302.

23      Given that this is plaintiff's third attempt to state an Eighth Amendment deliberate

24  indifference claim against defendant Whitehead, this Court RECOMMENDS that the Eighth

25  Amendment claim against defendant Whitehead be DISMISSED WITH PREJUDICE.

26          3.      *Defendant Escalante*

27      There are very few specific allegations as to defendant Escalante.  Plaintiff alleges that

28  defendant Escalante was employed as a correctional officer. [Doc. No. 43 at 2.] The only

14

allegations regarding Escalante with regard to this claim are as follows:

> On or about 2-21-07 plaintiff went to the facility one clinic and requested needed urgent medical care for his hip, shoulders, knee, back, and foot from Nurse Whitehead, and Escalante and requested access to the Doctor, but was denied treatment and access to the doctor and medical care.  Plaintiff complained of severe pain also.

[Doc. No. 43 at 15.]

> On information and belief it is the responsibility of Doctor Canlas and Nurse Whitehead and Escalante to provide medical services for inmates, that are based on medical necessity and supported by outcome date as effective medical care.

[Doc. No. 43 at 19.]

> Plaintiff has filed additional grievances Related to the actions and inactions alleged herein throughout the Complaint.  One complaint 602 Appeal requested reasonable accommodations and that his current disabilities be documented on an 1845 form as is procedurally required, yet plaintiff is denied procedural and Substantive Due Process of Law by Doctor Canlas, Doctor M. Ruiz, and Nurse Whitehead, and Correctional Officer Escalante as they refused to document plaintiff's requests for urgent needed medical care and documentation of his disabilities.

[Doc. No. 43 at 21.]

These allegations are vague and conclusory, *Ivey*, 673 F.2d at 268, and fail to show a culpable state of mind. *Wilson v. Seiter*, 501 U.S. at 302.  Given that this is plaintiff's third attempt to state an Eighth Amendment deliberate indifference claim against defendant Escalante, this Court RECOMMENDS that the Eighth Amendment claim against defendant Escalante be DISMISSED WITH PREJUDICE.

### D.  Plaintiff's Negligence (and other State Law) Claims

Defendant argues that plaintiff's First Count, to the extent it purports to state a claim for negligence, should be dismissed because plaintiff (1) failed to comply with the California Tort Claims Act and (2) fails to state a claim for negligence. [Doc. No. 49-1 at 14-15.] Regardless of whether plaintiff has complied with the CTCA or sufficiently alleges all of the elements of a claim for negligence, negligence is a state law claim which can only be heard by this court pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

1  discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district

2  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ...

3  the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

4  1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

5  trial, ... the state claims should be dismissed as well."  *United Mine Workers of America v.*

6  *Gibbs*, 383 U.S. 715, 726 (1966).

7         Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it

8  has dismissed all of plaintiff's federal claims.  "In the usual case in which federal law claims are

9  eliminated before trial, the balance of factors ... will point toward declining to exercise

10  jurisdiction over the remaining state law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S.

11  343, 350 n.7 (1988); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991).

12         Here, this Court is recommending that all of plaintiff's federal claims be dismissed.

13  Therefore, this Court also recommends that the District Court decline to exercise supplemental

14  jurisdiction under 28 U.S.C. § 1367(c) as to any state law claims, including a claim for

15  negligence.  As a result, the claim for negligence (and all other state law claims) should be

16  DISMISSED WITHOUT PREJUDICE.

17         *E.  Plaintiff's Excessive Force/First Amendment Claim (Count Three)*

18         The original complaint in this action was filed on February 6, 2008. [Doc. No. 1.]

19  Plaintiff's third count is a new claim in the SAC and is based upon an incident that allegedly

20  occurred on July 14, 2008, or over 5 months after the original complaint in this action was filed.

21  To the extent that plaintiff tries to bring in claims for events that happened after February 6,

22  2008, he may not do so in *this* action because pre-suit exhaustion is a temporal impossibility.

23  The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . .

24  until such administrative remedies as are available are exhausted."  42 U.S.C. §

25  1997e(a)(emphasis added).  A prison conditions claim may not proceed unless the prisoner has

26  exhausted his available administrative remedies *before* he files suit; he may not exhaust while

27  the already filed suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see*

28  *also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies

1   are not exhausted before the prisoner sends his complaint to the court it must be dismissed even

2   if exhaustion is completed by the time the complaint is actually deemed filed by the Clerk).  For

3   this reason, the Third Count for excessive force/First Amendment (and related federal and state

4   law claims) should be DISMISSED WITHOUT PREJUDICE.

5       *F.  Plaintiff's Retaliation Claim (Count Four).*

6       Similarly, plaintiff Fourth Count for retaliation is based upon an incident that allegedly

7   occurred on December  22, 2009, almost two years after the original complaint was filed.  As a

8   result, pre-suit exhaustion for that claim is a temporal impossibility.  *McKinney,* 311 F.3d at

9   1199.  Thus, the Fourth Count for retaliation (and related federal and state law claims) should be

10  DISMISSED WITHOUT PREJUDICE.

11

12                          **III.  CONCLUSION**

13      For all of the above reasons, the Court recommends defendants' motion to dismiss under

14  Fed. R. Civ. P. 12(b)(6) be **GRANTED** as follows:

15      1)      the Eighth Amendment deliberate indifference claims in Count One (and Count

16              Two in the Form Complaint) against Defendants Canlas, Whitehead and Escalante

17              be **DISMISSED WITH PREJUDICE**;

18      2)      the negligence claim (and all other state law claims) in Count One (and Count Two

19              in the Form Complaint) against Defendants Canlas, Whitehead and Escalante be

20              **DISMISSED WITHOUT PREJUDICE;**

21      3)      the claim for excessive force/First Amendment (and related federal and state law

22              claims) in Count Three against defendants Escalante and Allamby be

23              **DISMISSED WITHOUT PREJUDICE;**

24      4)      the claim for retaliation (and related federal and  state law claims) in Count Four

25              against defendants Sinaga and Ruiz be **DISMISSED WITHOUT PREJUDICE.**

26      This report and recommendation of the undersigned Magistrate Judge is submitted to the

27  United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

28  / / / / /

1    **IT IS ORDERED** that no later than **July 23, 2010**, any party to this action may file

2  written objections with the Court and serve a copy on all parties.  The document should be

3  captioned "Objections to Report and Recommendation."

4    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the

5  Court and served on all parties no later than **ten days after being served with the objections**.

6  The parties are advised that failure to file objections within the specified time may waive the

7  right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153

8  (9th Cir. 1991).

9

10

11  DATED:  June 22, 2010

12

13  _____
    **CATHY ANN BENCIVENGO**
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv0238